1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT
9                          CENTRAL DISTRICT OF CALIFORNIA
10
11   JOSUE R.,[1]
                      Plaintiff                    Case No. 2:21-cv-08654-GJS
12
13        v.                                       **MEMORANDUM OPINION AND**
                                                   **ORDER**
14   KILOLO KIJAKAJI, Acting
     Commissioner of Social Security,
15                    Defendant.
16
17                                        **I.**
18          **II.    PROCEDURAL HISTORY**
19          Plaintiff Josue R. ("Plaintiff") filed a complaint seeking review of the
20   decision of the Commissioner of Social Security denying his application for
21   Supplemental Security Income ("SSI").  The parties filed consents to proceed before
22   the undersigned United States Magistrate Judge [Dkts. 10 and 11] and briefs [Dkts.
23   18 ("Pl. Br.") & 26 ("Def. Br.")] addressing disputed issues in the case.  The matter
24   is now ready for decision.  For the reasons set forth below, the Court finds that this
25   matter should be affirmed.
26
27   _____
28   [1]     In the interest of privacy, this Order uses only the first name and the initial of
     the last name of the non-governmental party in this case.

### III.   ADMINISTRATIVE DECISION UNDER REVIEW

Plaintiff filed an application for SSI on November 21, 2019, alleging disability beginning May 1, 2018.  [Dkt. 15, Administrative Record ("AR") 18, 167-72.]  Plaintiff's application was denied at the initial level of review and on reconsideration.  [AR 18, 70-75, 85-91.]  A telephone hearing was held before Administrative Law Judge James Carberry ("the ALJ") on February 23, 2021.  [AR 18, 30-43.]

On March 4, 2021, the ALJ issued an unfavorable decision applying the five-step sequential evaluation process for assessing disability.  [AR 18-25.]  *See* 20 C.F.R. § 416.920(b)-(g)(1).  At step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since the application date of November 21, 2019.  [AR 20.]  At step two, the ALJ determined that Plaintiff has the following severe impairments:  status post gunshot wound to the right upper chest; hemothorax; right brachial plexus injury; and status post stent placement in the right axillary artery.  [AR 20.]  At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in Appendix I of the Regulations.  [AR 21.]  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1.  The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. § 416.967(b), except he has no use of the right (dominant) upper extremity, is precluded from using ladders, ropes or scaffolds, and is limited to using ramps and stairs occasionally and engaging in other postural activities frequently.  [AR 21.]  At step four, the ALJ determined that Plaintiff does not have any past relevant work.  [AR 23.]  At step five, based on the testimony of the vocational expert ("VE"), the ALJ found that Plaintiff could perform other work that exists in significant numbers in the national economy, including representative occupations such as usher, information clerk, and ticket taker.  [AR 24.]  Therefore, the ALJ concluded that Plaintiff has not been disabled since November 21, 2019, the application date.  [AR

2

24.]

The Appeals Council denied review of the ALJ's decision on August 26, 2021. [AR 1-6.] This action followed.

Plaintiff contends that the ALJ failed to develop a complete medical record to support the RFC assessment and failed to offer legally sufficient reasons for rejecting his subjective complaints. [Pl. Br. at 4-16.]

The Commissioner asserts that the ALJ's decision is supported by substantial evidence and should be affirmed. [Def. Br. at 2-9.]

## IV.    GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if:  (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards.  *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  "Substantial evidence … is 'more than a mere scintilla' … [i]t means – and only means – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted); *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) ("[s]ubstantial evidence is more than a mere scintilla but less than a preponderance") (internal quotation marks and citation omitted).

The Court will uphold the Commissioner's decision when "'the evidence is susceptible to more than one rational interpretation.'"  *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (quoting *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989)).  However, the Court may review only the reasons stated by the ALJ in the decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).  The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is

3

"inconsequential to the ultimate nondisability determination, or that, despite the error, the agency's path may reasonably be discerned." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal quotation marks and citations omitted).

## V.   DISCUSSION

### A.   Development of the Medical Record

Plaintiff contends that the ALJ failed to develop a complete medical record to support the RFC assessment.  [Pl. Br. at 2-5.]  Specifically, Plaintiff asserts that the "vast majority" of medical evidence significantly predates his SSI application date of November 21, 2019, because it relates to treatment of a gunshot wound to his right chest sustained on May 13, 2018.  [Pl. Br. at 4.]  Plaintiff suggests that the ALJ should have developed the record further "by ordering a consultative examination … to provide an objective assessment of Plaintiff's current physical abilities."  [Pl. Br. at 5.]

Plaintiff waived this challenge to the development of the medical record by failing to raise it before the ALJ.  "[W]hen claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal."  *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999). Plaintiff, who was represented by counsel at the hearing, knew that the record contained very few medical records issued after Plaintiff's application date (*i.e.*, "a handful of occupational therapy visits in December of 2019 and January of 2020, follow-up diagnostic imaging studies of Plaintiff's right upper extremity, and two pages of handwritten … treatment notes").  [Pl. Br. at 4; AR 33, 246-58, 601-04, 610-11.]  If Plaintiff believed that the ALJ needed to develop the record further because it was lacking evidence of Plaintiff's physical abilities during the relevant period, he should have raised that issue at the hearing.  Plaintiff's failure to do so waived the issue.  *See Meanel*, 172 F.3d at 1115.

Moreover, even if the issue had not been waived, Plaintiff has not shown that

4

it warrants remand.  "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence."  *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001).  A consultative examination may be ordered "to try to resolve an inconsistency in the evidence, or when the evidence as a whole is insufficient to allow" an ALJ to make a determination on a claim.  20 C.F.R. § 404.1519a(b). Here, Plaintiff has failed to demonstrate that the record was inadequate to allow for proper evaluation of his claim.  The ALJ obtained and reviewed Plaintiff's medical records but found no ambiguities, inadequacies, or conflicts in the record that had to be resolved.  Thus, the ALJ was not required to order a consultative examination or request additional information in order to fulfill his duty to fully and fairly develop the record.  *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (explaining that "[a]mbiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence," triggers the ALJ's duty to further develop the record).

### B.    Plaintiff's Symptom Testimony

Plaintiff contends the ALJ improperly rejected his subjective symptom testimony.  [Pl. Br. at 5-7.]

In evaluating a claimant's testimony regarding subjective pain or symptoms, an ALJ must engage in a two-step analysis.  *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007); 20 C.F.R. § 416.929.  "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment, 'which could reasonably be expected to produce the pain or other symptoms alleged.'"  *Lingenfelter*, 504 F.3d at 1036 (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)).  Second, if the claimant meets the first step and there is no evidence of malingering, "'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'"  *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen*

1   *v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)).  "The ALJ must state specifically

2   which symptom testimony is not credible and what facts in the record lead to that

3   conclusion."  *Smolen*, 80 F.3d at 1284; *see also* Soc. Sec. Ruling 16-3p Titles II &

4   XVI: Evaluation of Symptoms in Disability Claims, SSR 16-3P, 2017 WL 5180304,

5   *4 (S.S.A. Oct. 25, 2017) (explaining that the ALJ must "evaluate the intensity and

6   persistence of [the] individual's symptoms ... and determine the extent to which

7   [those] symptoms limit [his] ... ability to perform work-related activities").

8        At the hearing, Plaintiff testified that he has not been able to use his right

9   hand and arm since he suffered a gunshot wound to the right chest and shoulder area

10  in May 2018.  [AR 33-34, 36, 40.]  Plaintiff stated that he cannot watch his two-

11  year-old son by himself and his wife assists him with activities such as showering

12  and tying his shoes.  [AR 34, 41.]  In his Exertion Questionnaire, Plaintiff indicated

13  that he has to use his non-dominant (left) hand, is unable to lift, carry or grip

14  objects, feels lightheaded and sleepy from his medications, has difficulty breathing,

15  needs "constant breaks," feels very tired and weak after walking one to two blocks,

16  and needs help with housework.  [AR 194-97.]  In his Disability Report, Plaintiff

17  alleged that he suffers from depression, nerve damage, pain, numbness, tingling,

18  swelling, muscle weakness, and loss of muscle.  [AR 178.]

19       The ALJ found that Plaintiff's "medically determinable impairments could

20  reasonably be expected to cause the alleged symptoms," but Plaintiff's "statements

21  concerning the extent to which he is limited by these symptoms are not entirely

22  consistent with the medical evidence and other evidence in the record."  [AR 22.]

23  Plaintiff argues that the ALJ erred by using conclusory "boilerplate" language to

24  reject his symptom testimony without "contrast[ing] any individual statements to

25  specific medical findings."  [Pl. Br. at 7.]  Plaintiff's argument lacks merit.  Rather

26  than relying only on "boilerplate" language, the ALJ discussed specific, clear and

27  convincing reasons for rejecting Plaintiff's testimony, as discussed below.

28  ///

6

1    **1. Medical Evidence**

2    The ALJ may consider objective medical evidence when assessing a

3    claimant's testimony.  *See* 20 C.F.R. § 416.929(c)(2) ("Objective medical evidence

4    … is a useful indicator to assist us in making reasonable conclusions about the

5    intensity and persistence of your symptoms and the effect those symptoms, such as

6    pain, may have on your ability to work…"); *Burch*, 400 F.3d at 681 ("Although lack

7    of medical evidence cannot form the sole basis for discounting pain testimony, it is a

8    factor that the ALJ can consider in his credibility analysis.").

9    Here, the ALJ found that Plaintiff's impairments (status post gunshot wound

10   to the right upper chest, hemothorax, right brachial plexus injury, and status post

11   stent placement in the right axillary artery) resulted in significant functional

12   limitations, including no use of the right (dominant) upper extremity.  [AR 21-23,

13   439.]  Although the ALJ acknowledged the "genuineness" of Plaintiff's symptom

14   testimony, the ALJ found that some of Plaintiff's reported symptoms and limitations

15   were inconsistent with the evidence of record.  [AR 22.]  In particular, the ALJ

16   noted that while Plaintiff claimed that he suffered from depression, there was no

17   evidence from any medical source establishing depression as a medically

18   determinable impairment.  [AR 20, 22, 178.]  Plaintiff does not dispute this finding.

19   There was also no evidence that Plaintiff sought or received mental health treatment.

20   [AR 20.]  Further, while Plaintiff alleged that he could not lift, carry, or grip objects,

21   the ALJ noted that the medical record did not show any limitations in Plaintiff's use

22   of his left upper extremity.  [AR 22-23, 194-95.]  Thus, the ALJ properly considered

23   the lack of objective medical evidence in discounting Plaintiff's subjective symptom

24   testimony.  *See Burch*, 400 F.3d at 680.

25   **2. Treatment History**

26   The ALJ found that the treatment Plaintiff received undermined his subjective

27   symptom testimony.  [AR 22.]  With respect to Plaintiff's complaints of neuropathic

28   pain and limitations in the use of his right upper extremity, the ALJ noted that

7

1   treatment consisted primarily of medication and physical therapy.  [AR 22, 411,

2   614.]  Plaintiff does not cite any medical reports or other evidence in the record

3   suggesting that Plaintiff received more aggressive forms of treatment after he was

4   released from the hospital in May 2018.[2]  "[E]vidence of 'conservative treatment' is

5   sufficient to discount a claimant's testimony regarding severity of an impairment."

6   *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007); *see also Meanel*, 172 F.3d at

7   1114 (rejecting subjective pain complaints where petitioner's "claim that she

8   experienced pain approaching the highest level imaginable was inconsistent with the

9   'minimal, conservative treatment' that she received").  Plaintiff's failure to seek

10   treatment for depression also supported the ALJ's decision to discount Plaintiff's

11   subjective complaints.  [AR 20, 22]; *Burch*, 400 F.3d at 681 ("The ALJ is permitted

12   to consider lack of treatment in his credibility determination.").

13        Accordingly, the ALJ's assessment of Plaintiff's subjective complaints is

14   supported by substantial evidence.

15

16                        **V.   CONCLUSION**

17        For all of the foregoing reasons, **IT IS ORDERED** that the decision of the

18   Commissioner finding Plaintiff not disabled is AFFIRMED

19

20        **IT IS SO ORDERED.**

21

22   DATED:  February 23, 2023

23        _____

24        GAIL J. STANDISH
          UNITED STATES MAGISTRATE JUDGE

25

26   _____

27   [2]      While the record reflects that Plaintiff was prescribed Norco (hydrocodone with acetaminophen) when he was released from the hospital in May 2018 [AR

28   411], his subsequent medical records indicate he had stopped taking Norco [AR 5576, 82-83, 589, 596-97, 611, 617].